# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTIN YBARRA PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:21-cv-00300-SAB<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 24) |

**I.**

**INTRODUCTION AND BACKGROUND**

On March 2, 2021, Plaintiff Augustin Ybarra Perez filed this action challenging the denial of social security benefits. (ECF No. 1.) Following the exchange of confidential letter briefs, on December 27, 2021, pursuant to the parties' stipulation, this action was closed and remanded for further consideration. (ECF Nos. 19, 20.) Judgment was entered in favor of Plaintiff. (ECF No. 21.) On January 24, 2022, the Court entered a stipulation under the EAJA in the amount of $5,000. (ECF No. 20.)

Following remand, a favorable decision was issued awarding $80,236.00 in total past due benefits after a reduction for worker's compensation benefits. (Mot. Att'y Fees ("Mot.") 3, ECF No. 24.) Martha Yancey of Yancey Law, PC ("Counsel"), representing Plaintiff, filed the instant motion for attorney fees on March 27, 2023. Counsel requests fees in the gross amount of

1  $17,000.00 pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b), with an offset
2  of $5,000 for fees previously awarded under the Equal Access to Justice Act, 28 U.S.C. §
3  2412(d) ("EAJA").

4        Plaintiff was served with the motion. (ECF No. 26.)[1] Plaintiff did not file any objection
5  to the motion. On April 27, 2023, Defendant filed a response to the motion indicating that in the
6  role of trustee, it has provided "an analysis of the fee request and takes no position on the
7  reasonableness of the request." (ECF No. 27 at 4.) For the reasons discussed herein, Counsel's
8  motion for attorney fees shall be granted.

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535

---

[1] As indicated in the motion, counsel first attempted to serve the motion for attorneys' fees on the Plaintiff by U.S. Postal Service Certified Mail. (ECF No. 24 at 7.) On April 11, 2023, the Court issued an order advising Counsel that while service is generally complete upon mailing, the Court would not act on the instant motion because the tracking information indicated the postal service still had the parcel in transit; and that the Court would not order the Plaintiff's counsel to take any action, however, advised Counsel they may choose to re-serve the motion if Counsel chose to expedite the process given the status. (ECF No. 25.) Thereafter, on April 13, 2023, Counsel filed a certificate of service demonstrating Counsel promptly re-served the motion on April 11, 2023, and that the motion had in fact been delivered on April 13, 2023. (ECF No. 26.)

1  U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory
2  ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those
3  agreements").  Agreements seeking fees in excess of twenty-five percent of the past-due benefits
4  awarded are not enforceable.  Gisbrecht, 535 U.S. at 807.  The attorney has the burden of
5  demonstrating that the fees requested are reasonable.  Gisbrecht, 535 U.S. at 807 n.17; Crawford,
6  586 F.3d at 1148.

7       While the Supreme Court in Gisbrecht did not expressly "provide a definitive list of
8  factors that should be considered in determining whether a fee is reasonable or how those factors
9  should be weighed, the Court directed the lower courts to consider the 'character of the
10 representation and the results the representative achieved.' "  Crawford, 586 F.3d at 1151
11 (quoting Gisbrecht, 535 U.S. at 808).  The Ninth Circuit has stated a court may weigh the
12 following factors under Gisbrecht in determining whether the fee was reasonable: (1) the
13 standard of performance of the attorney in representing the claimant; (2) whether the attorney
14 exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of
15 past-due benefits; and (3) whether the requested fees are excessively large in relation to the
16 benefits achieved when taking into consideration the risk assumed in these cases.  Crawford, 586
17 F.3d at 1151-52.

18      Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted
19 under the EAJA.  Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d
20 1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who
21 receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for
22 the 'same work' to refund to the Social Security claimant the smaller award.").

23 **III.**
24 **DISCUSSION**

25      The Court has conducts an independent check to insure the reasonableness of the
26 requested fees in relation to this action.  Gisbrecht, 535 U.S. at 807.

27      Here, the fee agreement between Plaintiff and Counsel provides that "I agree that my
28 attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the

1   past-due benefits that are awarded to my family and me in the event my case is won." (ECF No.
2   24-3 at 1.")  Plaintiff has been awarded retroactive benefits in the amount of awarding
3   $80,236.00 in total past due benefits after a reduction for worker's compensation benefits. (See
4   Mot. 3; Ex. A, ECF No. 24-1 at 1-8.)

5   Defendant's filing in the role of trustee, states "[t]he award letter did not provide a
6   cumulative total of past-due benefits but rather indicated benefits due for various periods. Based
7   on the indicated 25% withheld for potential payment of attorney fees, Counsel's calculation
8   appears to be correct." (ECF No. 27 at 2.)  The calculation is supported in this regard, however
9   additionally, the notice letter *does* state: "[y]our past-due Social Security benefits are $80,236.00
10  for November 2017 through December 2022. (ECF No. 24-1 at 4.)  Twenty-five percent (25%)
11  was withheld in the amount of $20,059.00 for the payment of attorneys' fees. (Id.)

12  Counsel here is only seeking $17,000.00, or approximately twenty-one percent (21.19%)
13  of the total past due benefits.

14  Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of
15  the fee Counsel seeks.  There is no indication that a reduction of fees is warranted for
16  substandard performance.  Counsel is an experienced, competent attorney who secured a
17  successful result for Plaintiff.  There is no indication that Counsel was responsible for any delay
18  in the court proceedings.  Counsel was successful in obtaining a stipulation for remand following
19  the exchange of letter briefs.

20  Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation, and
21  in reflecting the standard withholding by the Agency, the Court finds the fee of $17,000.00 is not
22  excessively large in relation to the retroactive award of $80,236.00, particularly given Counsel is
23  only seeking approximately twenty-one percent (21%).  In making this determination, the Court
24  recognizes the contingent nature of this case and the risk that counsel took of going
25  uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

26  In Crawford the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time
27  of both attorneys and paralegals, was not excessive.  Crawford, 486 F.3d at 1153 (Clifton, J.,
28  concurring in part).  Further, since Gisbrecht, courts note that reducing a fee request should not

be routinely done and find fee awards of an effective hourly rate much higher than this to be reasonable. Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.").

Counsel expended 26.9 hours in this matter, for an effective hourly rate of $631.97. (Mot. 3.) This is in line with the above cases. Therefore, given the above caselaw and contingency nature of this action, the lack of any objection, and given counsel is seeking less than 25%, the Court finds that the requested fees are reasonable, and the representation of the claimant resulted in the action being remanded for further proceedings and ultimately, substantial benefits were awarded.

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $5,000 in EAJA fees and the award of fees under Section 406(b) shall be offset in that amount.

## IV.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Counsel pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Counsel's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $17,000.00, (ECF No. 24), is GRANTED;

2. The Court authorizes payment to Martha Yancey of Yancey Law, PC, in the amount of $17,000.00 representing attorney fees being withheld from Plaintiff's

past due disability benefits; and

3. Upon receipt of this sum, Counsel shall remit $5,000.00 directly to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412.

IT IS SO ORDERED.

Dated: __**April 28, 2023**__

UNITED STATES MAGISTRATE JUDGE